Hillsborough, }
Jan. 3, 1933. }

ARTHUR PELLENZ *v.* THOMAS M. HOWELL *& a.*

*Sullivan & Sullivan (Mr. Frederic Parker* orally), for the plaintiff.

*James A. Broderick,* by brief, for Howell.

PEASLEE, C. J.  The sole question argued here is whether there was any sufficient evidence of a partnership, as against Howell.  There was such evidence.

The defendants were journeymen painters, and each had individually taken jobs from time to time.  Shortly before the accident involved in this suit, they entered into an oral compact for future operations.  The terms do not appear to have been very definite, but it could be found that they expected to share the fortunes of all their adventures.

The defendant Grady testified that there was a partnership.  He introduced Howell to third parties as his prospective partner, and Howell did not dissent.  Business cards, setting them out as "Howell & Grady," were printed and paid for by Howell.

While Howell denied that there was any talk of partnership between him and Grady, that evidence merely presented a conflict of testimony.  It was for the trier of the facts to say who told the truth.

The defendant argues that the evidence does not warrant a finding of an agreement to share profits and losses.  It is true that no one testified to any talk stating such an agreement in terms.  It was not

necessary that it should be proved in that way. Such features are but *indicia* of the essential relation of partners. Opinion of *Doe, J.*, *Eastman* v. *Clark*, 53 N. H. 276, 290 *et seq.* If, instead of agreeing upon certain details from which a partnership relation would result, they took the direct course and agreed to be partners, the rights and obligations which the law attaches to that relation became theirs. That they took the latter course could be found upon Grady's testimony.

*Exceptions overruled.*

All concurred.